Benny BOWEN *v.*
STATE of Arkansas

CA CR 84-35                          671 S.W.2d 763

Court of Appeals of Arkansas
Division I
Opinion delivered July 5, 1984

*Henry C. Morris,* for appellant.

*Steve Clark,* Atty. Gen., by: *Jack Gillean,* Asst. Atty.
Gen., for appellee.

JAMES R. COOPER, Judge. This appeal arises from the
revocation of the appellant's suspended sentence resulting
from a plea of guilty to the charge of felony theft of property.
In November of 1981, the appellant, in exchange for his
testimony against two others, pleaded guilty and received
a five year suspended sentence. He was ordered to pay a
$5,000.00 fine as a condition of his suspended sentence,
along with $70.00 restitution. On January 17, 1983, the State

filed a motion to revoke the appellant's suspended sentence due to his failure to make payments toward his fine in over one year. A hearing was held on February 14, 1983, at which time the trial court lowered his payments from $150.00 to $100.00 per month. On March 7, 1983, the appellant made a $200.00 payment on his fine, for the months of February and March. The appellant made no further payments and on August 26, 1983, the State filed a second petition to revoke the appellant's suspended sentence. A final hearing was held on this motion on November 4, 1983, and at this hearing, the trial court made a finding that the appellant had willfully failed to make payments toward his fine, and sentenced him to three years in the Arkansas Department of Correction. From that decision, comes this appeal.

For reversal, the appellant alleges the trial court erred in revoking his suspended sentence due to the fact that his failure to make payments toward his fine was due to his inability to pay rather than a willful refusal to make the payments. We do not agree, and therefore we affirm.

The appellant relies on the recent United States Supreme Court case of *Bearden* v. *Georgia*, 103 S.Ct. 2064 (1983), for the proposition that the appellant cannot be jailed for his inability to pay the fine. He argues that he sought employment during the period between March of 1983 and October of 1983, when the petition to revoke the suspended sentence was filed by the State. During this period, the appellant states that he was employed for a short period of time in Oklahoma, and later in Ohio, painting apartments. The remaining time in this period, the appellant travelled around looking for employment unsuccessfully. The appellant alleges that he did not have the money to make payments toward his fine during this period due to his inability to find steady employment.

The evidence adduced at the revocation hearing, however, indicated the appellant held the job in Ohio for two months during this period, and saved $1,000.00 with which he could have made the payments. He made no payments during this time, despite the fact that the court had lowered his payments from $150.00 to $100.00 per month in

February, 1983. It is true that *Bearden* v. *Georgia, supra,* prohibits the trial court from imprisoning the appellant for his failure to pay when such failure is not willful, and requires the trial court to explore alternatives to imprisonment in such situations. However, when the trial court finds that such non-payment is willful, it does not have to explore alternatives to imprisonment and can revoke the suspended sentence and impose a term of imprisonment. Here, the trial court found that the appellant's failure to make payments toward his fine was willful, and we hold that this finding is amply supported by the evidence.

Affirmed.

MAYFIELD, C.J., and CLONINGER, J., agree.